VILMA F. SHAW *v.* PLANNING COMMISSION
OF THE TOWN OF SOUTHBURY
(3967)

SPALLONE, DALY and BIELUCH, Js.

Argued October 9—decision released November 26, 1985

*Barbara J. Hampton,* with whom was *Fred B. Rosnick,* for the appellant (plaintiff).

*Gail E. McTaggart,* for the appellee (defendant).

BIELUCH, J. This appeal concerns the defendant's denial of the plaintiff's subdivision application. That denial was affirmed by the trial court. Upon our grant of certification, the plaintiff has appealed.

On October 18, 1983, the plaintiff filed an application with the defendant for approval of a subdivision plan for eight residential lots under the provisions of General Statutes § 8-25. The application was denied by the commission on January 17, 1984. Pursuant to General Statutes § 8-28, an appeal was taken to the Superior Court, returnable on February 14, 1984. Under the requirements of Practice Book § 257, both parties filed pretrial briefs. Although administrative appeals, which include zoning appeals, are placed on a trial list automatically by this rule, the plaintiff did file a claim for privileged trial status on account of the plaintiff's age.[1] This was done on August 20, 1984. No trial list assigning this appeal for a hearing was ever issued by the court clerk in accordance with the requirements of Practice Book §§ 252-261, inclusive, before its disposition.

---

[1] A claim for privilege in assignment for trial is unnecessary in administrative appeals because "[a]ll cases properly on the trial list for administrative appeals shall be privileged in respect to assignment." Practice Book § 257 (f).

On November 15, 1984, the trial court filed a two page memorandum of decision affirming the commission's decision. This was done sua sponte. The parties were not given a hearing. They were not given advance notice. The § 257 requirement of pretrial briefs in advance of the court hearing does "not preclude the parties from filing supplemental briefs at the time the case is heard." They were not permitted to do that here because the memorandum of decision was summarily written without hearing. Under the rules of practice, copies of the memorandum of decision were mailed to counsel of record on November 16, 1984. Practice Book § 398. This was the parties' first knowledge that judgment on the plaintiff's appeal was a fait accompli without a hearing or prior notice of its judicial consideration.

The plaintiff promptly filed a motion to vacate the judgment against her and to reinstate the case to the administrative appeals trial list for hearing. The grounds specified were the failure of the court to grant a hearing under General Statutes § 51-197b (a) and its failure to allow the filing of a supplemental or reply brief "at the time the case is heard" pursuant to Practice Book § 257 (a). This motion was heard on December 17, 1984, at which time a supporting memorandum of law was filed by the plaintiff.[2] The motion to vacate the judgment was denied by the court on December 21, 1984, without oral or written articulation.

The procedural history of this case is succinctly recorded in the court's judgment file as follows: "This action, by writ and complaint, appealing the Defendant Planning Commission's denial of Plaintiff's application for subdivision approval, came to this Court on February 14, 1984; and thence to April 10, 1984, when the Court (*Stoughton, J.*) denied Plaintiff's Motion for

---

[2] At this hearing, counsel called to the attention of the court the lack of a finding of aggrievement in the memorandum of opinion. To this the court replied: "I thought they were aggrieved per se."

Permission to Supplement Record; and thence to July 26, 1984, when the Court (*Healey, J.*) denied the Plaintiff's Motion to Correct Record; and thence to the present time, when the Court (*Falsey, J.*) issued its Memorandum of Decision denying Plaintiff's appeal, without hearing; and thence to December 21, 1984, when the Court (*Falsey, J.*) denied the Plaintiff's Motion to Vacate Judgment. Whereupon it is adjudged that the decision of the Defendant Southbury Planning Commission is affirmed. By the Court, (*Falsey, J.*)."

The primary issue raised by the plaintiff before this court concerns her entitlement to a hearing before the trial court, including the right to present a reply to the pretrial brief of the defendant. She contends that the court violated the statutory and procedural requirements for administrative appeals, and thereby denied her the fundamental rights of our adversary system of jurisprudence. As she did in her motion to vacate the judgment in the trial court, she relies upon General Statutes § 51-197b (a) and Practice Book § 257 (a).

The defendant concedes that the statute requires a hearing in such a case, but maintains that the procedural rule for a supplemental brief at hearing is discretionary with the court. It reasons and concludes, however, as follows: "The trial court's exercise of discretion to make its decision on the Record before the Commission and the briefs of both parties has not prejudiced the Plaintiff. Thus, the failure to provide a hearing was harmless error, if error at all, given the nature of the appeal, the submission of briefs by both parties, and the prior ruling of the trial court precluding evidence outside the Record."

The appeal from the defendant's ruling was taken to the Superior Court pursuant to General Statutes § 8-28. That section of the statutes, unlike § 8-8 which sets forth the procedure for appeals from zoning boards

of appeal, as well as from zoning commissions and planning and zoning commissions; General Statutes § 8-9; does not specifically set forth the mode or scope of judicial review. Section 8-8 (f) states that "[t]he court, upon an appeal taken under subsection (a) of this section and after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. . . ." A hearing in those cases is required by this provision. Although § 8-28 is silent in this regard, the provisions of General Statutes § 51-197b (a) applicable to all administrative appeals, including appeals from any municipal agency such as the planning commission here, govern in similar fashion. Under its terms "[t]he superior court, after a hearing, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. . . ." Therefore, the opportunity for a hearing must be given to the parties in all administrative appeals.[3]

Practice Book § 257 implements the statutory requirements for hearings in administrative appeals by creating a separate "trial list for administrative appeals" with automatic assignment in accordance with the prescribed pleading and briefing schedule.[4] The provision of § 257 that "[t]his section shall not preclude the parties from filing supplemental briefs at the time the case is heard" allows parties to file replies to the pretrial briefs. The failure to give parties the opportunity to file such supplemental briefs is of no legal consequence, for replies or rebuttal to pretrial briefs may be articulated orally at the required hearing. What is of importance to the litigants is that they be given the opportunity to exercise their right to express their

[3] The Uniform Administrative Procedure Act (UAPA), General Statutes § 4-183 (f), requires a provisional hearing in its statement that "[t]he court, upon request, shall hear oral argument and receive written briefs."

[4] This procedural rule for pretrial briefs supplements the UAPA's optional requirement for briefs under General Statutes § 4-183 (f).

respective claims of law in written form at least once in a pretrial or trial brief and orally at the required hearing.

The right to record their claims of law upon which judgment is sought is set forth in Practice Book § 285A, as follows: "The parties may, as of right, or shall, if the court so orders, file, at such time as the court shall determine, written trial briefs discussing the issues in the case and the factual or legal basis upon which they ought to be resolved. If a party intends to raise any claim of law which may be the subject of an appeal, he must either state the same distinctly to the court before his argument is closed or state it in a written trial brief. If this is not done, it will not be the duty of either the trial court or the appellate court to decide the claim."

Due process is the keystone of our system of justice. A fair trial is the touchstone of due process. The principal component of a fair trial is a fair hearing after fair notice. It is an established principle of general jurisprudence that courts will not adjudicate a matter involving conflicting rights and interests until all parties directly concerned in the event have been given a reasonable opportunity to appear and be heard. *Hasbrouck* v. *Hasbrouck,* 195 Conn. 558, 559–60, 489 A.2d 1022 (1985). The central meaning of procedural due process is that parties whose rights are to be affected are entitled to be heard, and in order that they may enjoy that right they must first be notified. *Roundhouse Construction Corporation* v. *Telesco Mason Supplies Co.,* 168 Conn. 371, 376, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976). Due process of law requires that a party be given his day in court and an opportunity to be heard. *Lechner* v. *Holmberg,* 165 Conn. 152, 156, 328 A.2d 701 (1973);

see also *Snow* v. *Calise,* 174 Conn. 567, 574, 392 A.2d 440 (1978); *Doran* v. *Doran,* 3 Conn. App. 277, 281, 487 A.2d 1106 (1985).

The judgment file in this case recites that the court "issued its Memorandum of Decision denying Plaintiff's appeal, without hearing." In this it erred.

The plaintiff has requested that in the event procedural error is found, we consider the substantive issues raised in this appeal "as a more efficient use of judicial resources." This we cannot do. To do so would be in violation of proper appellate procedure and administrative law.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this decision.

In this opinion the other judges concurred.