[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court pursuant to an appeal by the plaintiff from a denial by the defendant Farmington Town Plan and Zoning Commission (Commission) of his application for a special permit to construct a miniature golf course and, in addition, to convert an existing dwelling into office space on premises owned by him. The property, located in B-1 zone, is on Route 6 in Farmington and is known as 343 Scott Swamp Road. The Farmington Town Clerk is also a nominal defendant.
A miniature golf course and offices are permitted uses in a B-1 business zone. The surrounding area consists of business and residential uses.
Article IV 12(B) of the Farmington Zoning Regulations requires compliance with the following standards:
Standards for Granting of a Change of Zone or Special Permit
In considering applications the Commission shall require compliance with the following:
1. That the existing and future character of the neighborhood in which the zone and/or use is to be located will be protected;
2. That adequate safeguards have been taken to protect adjacent property and the neighborhood in general from detriment;
3. That traffic circulation within the site and the amount, location and access to parking is adequate, and adequate sight distance is provided for all proposed and existing driveways;
4. That the road network, to include intersections, impacted by the proposed development will be capable of satisfactorily handling the increased traffic generated by such use;
5. That the i) basic design of the proposed use(s) or buildings; ii) relationship between the buildings and the land; and iii) overall physical appearance of the proposed CT Page 7190 use(s) or building will be in general harmony with the character of the surrounding neighborhood and will not serve to blight or detract from abutting residences or other property;
6. That adequate safeguards have been taken to protect the natural environment; and
7. That all required public services will be reasonably available to serve the proposed development.
In denying the plaintiff's application the Commission articulated the following reasons:
". . . the incompatability of the sport facility (miniature golf course) with the adjacent residential area, especially in consideration of the hours of operation including evenings and weekends, the outdoor use, and intensity of the proposed lighting, the likelihood of excessive noise emanating from such facility, and that the proposed combination of uses was overly intense for the site."
General Statutes 8-8 and 8-28 provide for an appeal of the Commission's decision.
In order to establish subject matter jurisdiction, the plaintiff must allege and prove aggrievement. Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697,702 (1989). The parties have stipulated at oral argument that the plaintiff is the owner of the land in question, and is the applicant. He is therefore aggrieved. General Statutes8-8(2).
In this appeal, the plaintiff claims that the Commission acted illegally, arbitrarily and in abuse of its discretion, in that although the plaintiff met all of the Farmington Zoning Regulations requirements for the special permit, the Commission still rejected plaintiff's application. Such action was illegal because:
1. The Commission failed to cite adequate reasons and the reasons given were not based on the requirements of the regulations;
2. The reasons cited were not supported by the evidence presented to the Commission.
In his complaint the plaintiff also alleges that the denial prevented the plaintiff from making reasonable use of his property and from using it in the same manner as other similarly CT Page 7191 situated businesses. Since the plaintiff has neither briefed nor argued these claims, they are abandoned. Shaw v. Planning Commission, 5 Conn. App. 520, 525 (1985); Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. 569, 585 (1988).
The issues which this court must therefore resolve are:
1. Did the reasons for denial given by the Commission conform to the requirements of the Farmington Zoning Regulations Article IV 12(B)?
2. Where the reasons cited by the Commission supported by the evidence presented to it?
"When a zoning commission states the reasons for its action, `the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations.'" DeMaria v. Planning Zoning Commission, 159 Conn. 534, 540
(1970). The Commission's action must be sustained if even one of the stated reasons is sufficient to support it. Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 576
(1988).
I. Did the reasons for denial conform with the zoning regulations?
It is the opinion of this court that the Commission's reasons for denial, i.e. the incompatibility of the proposed facility with the adjacent neighborhood, specifically its reference to the hours of operation, intensity of the lighting, and excessive noise making the use too intense, are all clearly within the prohibitions of 12(B) 1, 2 and could also include 5 and 6. Similar statements of reasons have been held sufficient by our Supreme and Appellate courts. Holt-Lock, Inc. v. Zoning Planning Commission, 161 Conn. 182, 191 (1971), (would have a detrimental effect on the surrounding residential property, held adequate compliance); Spectrum of Connecticut, Inc. v. Planning Zoning Commission, 13 Conn. App. 159, 164 (1988), cert. denied207 Conn. 804 (1988), (failure to control conduct of patrons held to conform with regulations requiring "need for proposed use; existing and future character of the neighborhood . . . and protection of property values"). See also Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304-306 (1975).
The reasons stated by the Commission are sufficient under the Farmington Zoning Regulations Article IV 12(B). CT Page 7192
II. Were the reasons cited by the Commission supported by the record?
In considering an application for a special permit, the Commission was acting in an administrative capacity. Farina v. Zoning Board of Appeals of the Town of Trumbull, 157 Conn. 420,422 (1969). The question before this court is whether the evidence in the record reasonably supports the agency's action. The court cannot substitute its judgment as to the weight of the evidence for that of the agency. Housatonic Terminal Corporation v. Planning and Zoning Board, supra, 306. The agency has discretion to resolve debatable questions of fact, which must also be supported by the record. Westport v. Norwalk, 167 Conn. 151, 158 (1974).
As far as credibility of witnesses is concerned, that is a matter solely within the province of the zoning authority. Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, supra, 163; Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 540-41 (1987). The Commission is not required to believe any expert witness. Huck, supra 542. An agency is also entitled to take into consideration facts which its members have learned through personal experience and observations. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 267 (1983).
The Commission's decision must be sustained if it appears that it has reasonably and fairly exercised its honest judgment as determined on the record before it. Crescent Dev. Corp. v. Planning Commission, 148 Conn. 145, 150 (1961).
Judicial review of decisions rendered by zoning boards is limited to a determination as to whether the decision is unreasonable, arbitrary or illegal. Schwartz v. Planning and Zoning Commission, 208 Conn. 146, 152 (1988).
Although the evidence presented to the Commission on behalf of the plaintiff was replete with expert testimony that the application conformed to all of the regulations, opponents presented a plethora of testimony (mostly non-expert) that, in fact, the application did not so conform.
The plaintiff urges this court to consider that the evidence presented on his behalf was more reliable and credible. That, of course, is not the function of this court.
It would serve no purpose to quote at length from the record testimony by the numerous residents who appeared before the Commission. (See record, Exhibit U).
Testimony was received from Corinne Boucher (p. 18) CT Page 7193 concerning excessive noise and loitering, and similarly from Stanley Sekula (pp. 15, 22).
This testimony was supported by Walter Soderberg (p. 16), and Anthony Neely, (p. 24).
Corinne Boucher testified at length concerning the adverse effect on her property which is within 60 feet of the subject property. (pp. 17-19).
Plaintiff's counsel testified as to the late hours of operation (10:00 p. m. every evening) (p. 2).
Exhibits g and q demonstrated that the proposed lighting fixtures were mounted 14 feet above the ground. At least five of them were within 20 feet of adjacent residential property. See also letter of Alice and Robert Sawyer (Exhibit i).
From all of the above evidence, it is clear to this court that the Commission did not abuse its discretion in finding that the applicant did not conform to the zoning regulations for the reasons stated in its decision.
As previously noted, this court must sustain that decision if even one of those reasons is valid. Frito-Lay, Inc. v. Planning and Zoning Commission, supra 576.
The plaintiff's appeal is therefore dismissed.
Judgment may enter accordingly.
Freed, J.