[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal two decisions of the defendant CT Page 8643 Department of Public Utility Control (DPUC) granting a certificate of public convenience and necessity to the defendant John Balkun III, doing business under the name Jack's Rigging and Machinery Sales (Balkun). The DPU granted the certificate in accordance with the procedures set forth in chapter 285 of the General Statutes (Rev'd to 1985), specifically section 16-285. This appeal is brought pursuant to sections 16-307 and 4-183. The court finds in favor of the Plaintiffs.
The plaintiffs hold certificates similar to that granted to Balkun. Our supreme court has determined that the plaintiffs are aggrieved parties within the meaning of section 4-183. Light Rigging Co. v. Department of Public Utility Control, 219 Conn. 168 (1991).
The two cases present a tortuous procedural history, which is undisputed in its essential facts. In January 1986, Balkun applied to the DPUC for a certificate authorizing him to transport small machinery over irregular routes between all points in Connecticut. The DPUC designated three commissioners to render the final decision on the application. The DPUC held public hearings on August 28 and September 5, 1986, and granted the plaintiffs status as parties to the proceedings to protect Balkun's application. The hearings were conducted by a hearing officer, and the record indicates that no commissioners were present. On December 10, 1986, the DPUC mailed the hearing officer's proposed decision to all parties and invited written exceptions pursuant to C.G.S. 4-179 (Rev'd to 1985). That statute reads as follows:
 When in a contested case a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the officials who are to render the decision. The proposal for decision shall contain a statement of the reasons therefor and of each issue of fact or law necessary to the proposed decision, prepared by the person who conducted the hearing or one who has read the record. The parties by written stipulation may waive compliance with this section.
The plaintiffs duly filed written exceptions to the CT Page 8644 proposed decision. They did not waive compliance with any of the other provisions of that statute including the provision that final decision not be rendered until "an opportunity is afforded to each party adversely affected to. . .present briefs and oral argument to the officials who are to render the (final) decision." Rather, their letter accompanying their written exceptions indicated they wished to present such briefs and argument. Nevertheless, on January 6, 1987, without first affording the plaintiffs an opportunity to do so, the designated commissioners rendered their final decision. The decision approved Balkun's application and issued a certificate authorizing him to transport machinery for hire as a motor common carrier over irregular routes between all points in Connecticut. The decision does not state that the commissioners read the record. Rather, it specifically indicates that section 4-179 applies.
On February 13, 1987, the plaintiffs timely filed their appeal of the DPUC's January 6 decision. That appeal is this court's file No. CV 87 327465. In it, the plaintiffs assigned as error, inter alia, the failure of the DPUC to afford them the opportunity to present briefs and oral argument prior to the final decision as required by C.G.S. 4-179.
On October 1, 1987, the DPUC notified the plaintiffs that the commissioners would consider "reopening" their decision on Balkun's application at their regular meeting to be held on October 6, 1987. The plaintiffs promptly filed an objection contending that they had untimely and inadequate notice, that the DPUC's January 6 decision was a final decision, and that all issues were before this court for decision pursuant to C.G.S. 4-183. Nevertheless, on October 6, 1987, the DPUC met and voted to reopen its previous decision. The same day, the DPUC sent a letter to the plaintiffs' attorney notifying him of the decision to reopen and stating
 In accordance with the provisions of the General Statutes of Connecticut 4-179, the Authority hereby reopens the above captioned docket for the purpose of accepting written briefs and hearing oral arguments concerning the hearing officer's Proposed decision dated December 9, 1986. Said oral arguments will be held at the Department's Offices on October 13, 1987 at 9:30 a.m.
Also on the same day, the DPUC filed its answer to the plaintiffs' appeal. In it, the department asserts a special defense as follows: CT Page 8645 On October 6, 1987 at a regular meeting of the DPUC, the commissioners voted to reopen Application B-9692 in order to take oral argument and briefs from the parties on the proposed decision of the DPUC.
The plaintiff's again objected to the reopening, and they appeared before the DPUC and presented oral argument on Oct. 13, 1987, under protest.
The DPUC designated one new commissioner to take the place of one of the original commissioners who rendered the January 1987 decision. On November 3, 1987, these three commissioners rendered their decision. It is a verbatim copy of the prior decision except that it notes the October 1987 proceedings at which the plaintiffs presented oral argument. Again, the decision approves Balkun's application and issues certificate effective January 6, 1987, which was the date of the original decision. On December 11, 1987, the plaintiffs petitioned the DPUC for reconsideration of their decision, pursuant to C.G.S. 4-183 (b). In that petition, they again alleged that the DPUC violated C.G.S. 4-179 and added an allegation that it also violated C.G.S. 16-9. The latter statute provides a mechanism by which the DPUC may "rescind, reverse or alter any decision order or authorization by it made." The statute requires that the DPUC give notice, hold a hearing and show cause for changing any prior decision. It w. the basis asserted by the DPUC in the November 1987 decision reopening the original decision. The plaintiffs claimed in their petition for reconsideration that the DPUC failed to give notice, hold a hearing or state the cause for its action in reopening the original decision. On January 6, 1988, the DPUC denied the plaintiffs' petition for reconsideration. In February 8, 1988, the plaintiffs timely filed their appeal of the DPUC's November 3, 1987, decision. That appeal is this court's file No. CV 88 341530. The two appeals were consolidated by order of this court on May 16, 1988.
On July 1, 1989, "all functions, powers and duties" of the DPUC under Chapter 285 of the General Statutes were transferred to the Department of Transportation (DOT). Accordingly, the DPUC no longer has any jurisdiction to take any action with respect to the subject matter of these appeals. C.G.S. 16-281a. Public Act 88-249, effective July 1, 1989.
The plaintiffs raise five issues in their appeals, as follows:
 1. That the DPUC violated the provisions of C.G.S. 4-179 and 16-9;
CT Page 8646
 2. That the DPUC granted territorial authority to Balkun in excess of the demonstrated public need;
 3. That the DPUC failed to specify a headquarters address for Balkun in the certificate;
 4. The DPUC disregarded evidence concerning a letter supporting Balkun's application;
 5. The DPUC failed to give proper weight to evidence concerning public safety.
The court's powers, obligations and discretion in deciding this administrative appeal are governed generally by the provisions of C.G.S. 4-183 (Rev'd to 1987). Subsection (g) of that statute provides as follows:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are : (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In this case, the plaintiffs claim that their substantial rights have been prejudiced by the DPUC's violation of C.G.S. 4-179 and 16-9. Specifically, they contend that the DPUC failed to afford them the opportunity to file briefs and present oral argument prior to the DPUC's final decision on Balkun's application. They also claim that the DPUC erroneously applied section 16-9 in reopening its original decision in that the DPUC did not hold a hearing or specify any cause for its action.
The DPUC attacks the position of the plaintiffs on two CT Page 8647 grounds. First, it argues that it essentially complied with section 4-179 by receiving the plaintiffs' written exceptions to the hearing officer's proposed decision and by holding the October 13, 1987 proceedings at which the plaintiffs had the opportunity to present briefs and oral argument. Secondly, it argues that any violation of section 4-179 was of slight significance because the plaintiffs were ultimately afforded an opportunity to present their arguments fully to the DPUC. Therefore, the DPUC argues if any rights of the plaintiff were violated, they were not "substantial" so as to justify any relief in these appeals. The court disagrees.
The DPUC's theory that it complied with section 4-179 by providing the plaintiffs an opportunity to present arguments at the hearing held on October 13, 1987, overlooks the procedural sequence mandated by the statute. In accordance with the clear language of the statute, the DPUC could not make a final decision "until" the plaintiffs have been given the opportunity to present their arguments. In fact, however, the DPUC had made its final decision and that decision was still in effect on October 13, 1987 when the plaintiffs were finally heard. On this point, the DPUC has never claimed that the original final decision, dated January 6, 1987, was ever rescinded, reversed, or altered in any way. Indeed, the DPUC's decision denying the plaintiffs' petition for reconsideration (Amended Record No. 61) plainly states that the reason section 16-9 does not apply to the case is that the DPUC never intended to vacate the January final decision. The procedural sequence is an essential element of the statute, however. Its clear purpose is to allow parties adversely affected by a proposed decision to furnish opposing arguments so that they may be meaningfully considered by the officials before they decide whether to adopt the proposed decision or not. Obviously, the impact of such opposing arguments is much diminished if the officials have already made up their minds and rendered a decision. It should be noted, in this regard, that two of the three commissioners who issued the pre-argument, January 1987 decision were the same individuals who, in November, after the argument, re-issued it. (Record No. 10 and Amended Record No. 45) Thus, the opportunity to present oral argument and briefs to a majority of commissioners who had not already decided the case was never available to these plaintiffs. The statute was clearly designed to provide a more neutral forum.
The DPUC's argument that the violation of section 4-179
did not prejudice "substantial" rights of the plaintiffs is likewise not sustainable. Our courts have consistently held that section 4-183 of the General Statutes authorizes reversal or modification of an agency decision "only when `substantial rights of the appellant have been prejudiced.'" Henderson v. CT Page 8648 Department of Motor Vehicles, 202 Conn. 453 (1987). In that case, the court held that the agency's violation of a statute prohibiting ex part communications created a rebuttable presumption of substantial prejudice. In Shaw v. Planning Commission of Southbury, 5 Conn. App. 520 (1985); the court reversed and remanded to the trial court land subdivision case which the trial court had decided without first providing the appellant a hearing as required by C.G.S. 8-8(f). In its decision, the court observed "(d)ue process is the keystone of our system of justice. A fair trial is the touchstone of due process. The principal component of a fair trial is fair hearing after fair notice. It is an established principle of general jurisprudence that courts will not adjudicate a matter involving conflicting rights and interests until all parties . . . have been given a reasonable opportunity to appear and be heard." Id. 525 (emphasis added). Although the court in the latter case considered different statutes than the one at issue in this case, the principle that it upheld is in contention here. A party who is denied the opportunity to be hearing its rights are adjudicated is substantially prejudiced, and the adjudicator cannot fully restore those rights by offering an lost facto hearing. That is because the essence of a fair hearing is that it permits all opposing views to be presented in advance so that they can be considered in the decision-making process. In this regard, the court notes that the plaintiffs always treated this matter as one involving their substantial rights. They specifically requested the hearing in advance of the commissioners' January decision, and they consistently and vigorously objected to the procure the the DPUC offered in its place.
For all of the above reasons, the court finds that the DPUC violated the provisions of section 4-179 by not affording the plaintiffs an opportunity to present briefs and or argument to the commissioners designated to render the final decision prior to their doing so. The court further finds that that denial prejudiced substantial rights of the plaintiff.
Subsection (g) of section 4-183 provides that the court may remand the case for further proceedings or may reverse or modify the agency's decision if it is found to have been in violation of a statute or made upon unlawful procedure. Although the court in Shaw v. Planning Commission, supra, remanded the case to the trial court for a new trial, that avenue is effectively foreclosed to the court in this case. The DPUC as the agency that heard the case originally no longer has the power to do so. A remand to that agency would be futile, therefore. The department of transportation, which if the agency now responsible for such cases, is not subject to the court's jurisdiction in this case. An order remanding the CT Page 8649 case to the DOT, therefore, would be ineffective. An order modifying the DPUC's decision would also not be appropriate. The procedural error committed by the DPUC renders its entire decision questionable, but the court cannot, on a wholesale basis, assume the function of the agency and issue its own decision. For all of these reasons, the court concludes that the action most suited to the facts and the applicable the reversal of the DPUC's decision. That decision is, therefore, reversed. The court's decision does not, of course, prevent Balkun from applying to the department of transportation for a new certificate.
MALONEY, J.