[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from the decision of the Connecticut CT Page 9625 siting council (council) granting a certificate of environmental compatibility and public need (certificate) on September 18, 1991, to the defendant Metro Mobile CTS of Hartford, Inc., (Metro Mobile for the construction, operation and maintenance of a cellular telecommunications tower, associated equipment and building in East Hartford.[1]
The plaintiff claims that the decision of the council is "(1) in violation of constitutional and statutory provisions; (2) in excess of the statutory authority of the agency: (3) made upon unlawful procedure; (4) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; and (5) arbitrary capricious and characterized by abuse of discretion and clearly unwarranted exercise of discretion." (Petition par. 13)
Only the last of the above claims was pursued by the plaintiff at oral argument or in its brief; therefore, the others are considered abandoned. Shaw v. Planning Commission, 5 Conn. App. 520,525; Ierardi v. Commission on Human Rights Opportunities,15 Conn. App. 569, 585. Aillon v. Meachum, 211 Conn. 352, 356 n. 4.
On September 12, 1990, Metro Mobile applied to the council for certificate to construct, operate and maintain a telecommunications tower at either the proposed prime or alternate site in East Hartford. A public hearing was held on November 19, 1990. The plaintiff requested and was granted party status to the proceedings. On March 11, 1991, the council rejected, without prejudice, both the prime and alternate sites noting the proposed tower's substantial effect on the scenic values of the area, its concern about the need for increased call handling capability and the potential for superior alternative sites in the East Hartford area. (Opinion, March 11, 1991, page 3.)
Following an application to reconsider on the basis of new evidence, the council held another public hearing on June 10, 1991, and, on September 18, 1991, the council granted Metro Mobile the certificate, finding justification for this action in the new evidence presented at the June 10, 1991, hearing. (Opinion, September 18, 1991, page 3.) It is from this decision that the plaintiff appeals.
General statutes 16-50q mandates that the provisions of4-183 of the uniform administrative procedures act apply to judicial review of decisions of the council with respect to certificates. CT Page 9626 Thus, an appellant must be aggrieved by the council's decision.[2]
Furthermore, the scope of review by the court is extremely limited.[3]
With respect to the issue of aggrievement, the plaintiff must satisfy a two-part test; first, it must demonstrate a specific personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all members of the community as a whole; second, the party claiming aggrievement must prove that this specific personal and legal interest has been specially and injuriously affected by the decision. See Light Rigging Co. v. Department of Public Utility Control, 219 Conn. 168 and State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295.
In paragraph 14 of its complaint, the plaintiff claims to be aggrieved in that:
 "(a) Said facility is to be located in the Plaintiff municipality and as such the Plaintiff has a personal and legal interest in the subject matter, and such interest has been specially and adversely affected by this decision;
 (b) Said plaintiff was a party to this instant proceeding in accordance with Section 16-50n
of the Connecticut General Statutes and under Section 16-50j-17 of the Connecticut Siting Council Regulations."
The plaintiff offered no evidence at the hearing on this appeal in support of these claims. Through oral argument and the contents of its brief, it claims to be aggrieved by virtue of its responsibility for the welfare of the town and its citizens, for the preservation of its zoning requirements in protection of the area affected by the council's decision and, further, that its status as a party to the proceeding mandates aggrievement. These claims are without merit. By virtue of 16-50x(a), the council as exclusive jurisdiction over the siting of a telecommunications tower and, as provided therein, "shall give such consideration to other state laws and municipal regulations as it shall deem appropriate."
The plaintiff has failed to demonstrate how any interest it may have has been specially and adversely affected by the council's CT Page 9627 decision. Furthermore, its status as a party to the proceedings in no way constitutes proof of aggrievement for appeal purposes. New England Rehabilitation Hospital of Hartford, Inc. v. CHHC,226 Conn. 105, 119, n. 11; Hartford Distributors, Inc. v. Liquor Control Commission, 177 Conn. 616, 620.
In the absence of aggrievement, the appeal must be dismissed for lack of subject matter jurisdiction.[4] Connecticut Business Industry Assn., Inc. v. CHHC, 214 Conn. 726, 729-730; Light Rigging Co. v. Department of Public Utility Control, supra, 172.
For the reasons set forth above, the appeal is dismissed.