CATHERINE M. DORAN *v.* RICHARD S. DORAN, JR.
(2465)

HULL, BORDEN and DALY, Js.

Argued November 14, 1984—decision released February 19, 1985

*Gwen B. Dreilinger,* with whom, on the brief, was *Steven A. Tomeo,* for the appellant (plaintiff).

*Thomas B. Wilson,* with whom, on the brief, was *Basil T. Tsakonas,* for the appellee (defendant).

HULL, J. This appeal[1] raises the issue of whether the trial court's refusal to decide a question of claimed support arrearages by the defendant constitutes a bar, under the doctrine of res judicata, to a later consideration of the matter. We conclude that it does not.

On March 24, 1972, the trial court dissolved the marriage of the parties and the defendant was ordered to pay alimony and child support to the plaintiff. On August 19, 1980, the plaintiff moved the court to find

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

the defendant in contempt due to his failure to pay $20,986.63 in child support and $3026.67 in alimony. That motion was heard on May 5, 1981, and on May 12, 1981, the court filed a memorandum of decision which stated in part: "On May 11, 1981 the defendant filed an affidavit indicating that the sum of $3,390.00 claimed by the plaintiff as the alimony arrearage had been paid on that date to the plaintiff's attorney. In addition, the defendant filed affidavits presenting evidence and claims not adduced at the original hearing. Because the defendant has made an effort to purge himself of contempt, no coercive punishment will be ordered in this proceeding. *In view of the fact that the affidavits contain new evidence, no finding of support arrearage is made at this time.*" (Emphasis added.)

The plaintiff moved for clarification of this memorandum of decision asserting in part: "It is not clear from the Memorandum of Decision whether the Court is denying the arrearage or stating that the Plaintiff can have the issue of a support arrearage heard upon a reclaim." That motion was denied without explanation on August 6, 1981.

On March 3, 1982, the plaintiff again moved that the court find the defendant to be in contempt as to his child support obligation. A hearing was held on this motion on April 12, 1982, and on that same day the parties were notified, by card, that the motion was denied. On July 26, 1982, pursuant to a motion for rectification of appeal, the court filed a decision on this second motion which read in toto: "Denied because in the guise of a motion for contempt, the plaintiff sought appellate review. In matters of this kind the trial court does not and cannot exercise appellate jurisdiction."

The plaintiff appeals from the denial of her second motion for contempt, raising two major claims of error.

We find one of these issues to be dispositive and decline to discuss the other.[2]

Although the trial court never specifically stated that the basis for its decision was that the order as to the first motion was res judicata as to the second, neither party has raised any doubt that such was the court's intent.

The doctrine of res judicata has been stated as follows: "A *final judgment on the merits* is conclusive on the parties in an action and their privies as to the cause of action involved." (Emphasis added.) *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973); *In re Juvenile Appeal (83–DE),* 190 Conn. 310, 313–14, 460 A.2d 1277 (1983); *Gagne* v. *Norton,* 189 Conn. 29, 32, 453 A.2d 1162 (1983); *Telesco* v. *Telesco,* 187 Conn. 715, 719, 447 A.2d 752 (1982). In the present case, the judgment on the prior motion was neither final nor on the merits. "This court has developed a number of standards delineating the requirement of finality. One test is whether the order or action terminates a separate and distinct proceeding. *Dewart* v. *Northeastern Gas Transmission Co.,* 139 Conn. 512, 514, 95 A.2d 381 [1953]. Another test lies in the effect of an order 'as concluding the rights of some or all of the parties'; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 A. 838 [1928]; *Gores* v. *Rosenthal,* 148 Conn. 218, 221, 169 A.2d 639 [1961]; and finally, if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final.

[2] The plaintiff claims, first, that the court erred in failing to provide an explanation of its decision of April 12, 1982. Since the court rectified its decision on July 26, 1982, that issue is moot. The second claim, which we find dispositive of this appeal in any event, is that the decision on the first motion was not res judicata as to the second. The plaintiff also claims that the court erred in denying her motion "for the reasons stated in its articulation." This ground is duplicative of the second claim of error.

*State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476 [1958]; *Watson* v. *Howard,* 138 Conn. 464, 467, 86 A.2d 67 [1952]; *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 373, 84 A.2d 681 [1951]." *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292, 320 A.2d 797 (1973); *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627, 356 A.2d 893 (1975). In determining the finality of an order, "[i]t is the effect rather than the nature of the order or judgment which is critical . . . ." *Pascal* v. *Pascal,* 2 Conn. App. 472, 476, 481 A.2d 68 (1984), citing *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540 (1965).

In this case, the plaintiff could not evaluate the effect of the order in question so as to plan her next step. By its failure expressly to grant or to deny the motion, the court left the plaintiff in a legal limbo. The plaintiff never received a trial court determination of the merits of her claim. Under the circumstances of this case, she is entitled, at the very least, to that much before she should be forced to appeal to this court. "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." *Snow* v. *Calise,* 174 Conn. 567, 574, 392 A.2d 440 (1978); see also *East Haven* v. *Paranto,* 2 Conn. App. 449, 454, 479 A.2d 1225 (1984).

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance herewith.

In this opinion DALY, J., concurred.

BORDEN, J., dissenting. I disagree with the majority that the plaintiff could not evaluate the effect of the trial court's decision on her first motion for contempt, and that she was thus left in legal limbo. Therefore, I dissent.

The parties agree that, because the defendant had fully paid the alimony arrearage, this case involves only the claimed arrearage for support of the children, the youngest of whom had reached majority on June 30, 1980, before the plaintiff's first motion for contempt was filed. Since the arrearage at issue was frozen, this is not a case in which the plaintiff's second motion for contempt, which is at issue here, could have produced any evidence which was not produced on her first motion.

While the first memorandum of decision of the trial court, *Hon. William P. Barber,* state referee, was less than a model of clarity, fairly read it indicates that the court considered the defendant to be in contempt for failure to pay the child support, but declined, in the exercise of its equitable powers, to impose punishment. That is the thrust of its reference to the defendant's "effort to purge himself of contempt," and of its statement that "no coercive punishment will be ordered in this proceeding." Unless the trial court considered the defendant to be in contempt, it would have had no occasion to note his effort to purge himself and no occasion to withhold coercive punishment. This reading is buttressed by the transcript and by another part of the memorandum of decision, which indicate that the state trial referee continued the first hearing to May 12, 1981, "to have a deputy sheriff in attendance," presumably to take the defendant into custody.

If, however, the plaintiff was in doubt, her remedy was to file a motion for articulation; see Practice Book § 3082; *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 149, 477 A.2d 678 (1984); which she did, and, if dissatisfied with the trial court's denial thereof, to move for appellate review of that denial under Practice Book § 3108, which she did not do. Her remedy was not to wait, as she did,

eight months and refile the same motion for contempt, presenting precisely the same facts and same claim for relief, to a second judge.

Faced with this second motion, the trial court, *Dannehy, J.,* was correct in reading it as an attempt simply to obtain the appellate review of the first decision which she did not seek when it was available. I would, therefore, find no error.

Nor is the plaintiff left without a remedy as a result of this procedural morass. She may yet sue the defendant for the amount of the arrearage, which clearly was not decided by the state trial referee. In that event, she will not be barred by either collateral estoppel or res judicata.

I note, first, that her failure to appeal the state trial referee's final judgment in this case does not automatically mean that either of those two doctrines of preclusion will bar a second action. "[T]he standards for finality regarding appellate review and res judicata are not necessarily congruent; 1 Restatement (Second), Judgments § 13, comment b." *State* v. *Aillon,* 189 Conn. 416, 425, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983).

Since the amount of the arrearage was not determined in this case, the doctrine of collateral estoppel, or issue preclusion, will not bar relitigation of that issue. *In re Juvenile Appeal (83–DE),* 190 Conn. 310, 316, 460 A.2d 1277 (1983).

Likewise, the doctrine of res judicata, or claim preclusion; id., 313; will not bar relitigation of that issue. That doctrine precludes relitigation of a claim which resulted in a final judgment sufficiently firm and stable, and not tentative, so as to command conclusive effect. 1 Restatement (Second), Judgments § 13, comment a. It does not bar relitigation of a claim where an issue of

fact has been reserved for future determination, where the court has left for future determination the amount of damages or the form or scope of other relief; id., § 13, comment b; or where it is clearly and convincingly shown that the prior litigation failed to yield a coherent disposition of the controversy. Id., § 26. Res judicata is not a bar to relitigation of an issue " 'where the [prior] judgment expressly reserves the question . . . .' " *Brady* v. *Anderson,* 110 Conn. 432, 437, 148 A. 365 (1930). Judged by these well settled standards, the referee's statement that "no finding of support arrearage is made at this time" would not bar litigation of the amount of the arrearage in a suit to determine and recover that amount.