CITY OF NEW HAVEN *v.* BOARD OF
LABOR RELATIONS ET AL.
(4656)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued December 3, 1986—decision released January 27, 1987

*Martin S. Echter,* deputy corporation counsel, for the appellant (plaintiff).

*Joseph M. Celentano,* assistant general counsel, for the appellee (named defendant).

*Frank J. Raccio,* for the appellee (defendant New Haven Police Local 530).

PER CURIAM. We have fully reviewed the extensive record and briefs in this appeal. The initial decision of the named defendant, the state board of labor relations (board), ordered the plaintiff to make whole certain police officers, represented by the defendant police union. That initial decision clearly retained jurisdiction in the board to determine the amounts of money due under it. The plaintiff appealed that decision to the Superior Court, *Hon. Joseph W. Bogdanski,* state trial referee, who sustained the board's decision. The case was then returned to the board for its subsequent decision on compliance with its initial decision. The decision on compliance is involved in this appeal.

We conclude that the trial court, *Mancini, J.,* erred in dismissing, on res judicata grounds, the plaintiff's appeal to the Superior Court from the board's decision on compliance. Res judicata does not bar relitigation of a claim which the prior decision specifically reserves for later determination. *Doran* v. *Doran,* 3 Conn. App. 277, 283–84, 487 A.2d 1106 (1985) *(Borden, J.,* dissenting); see also *Brady* v. *Anderson,* 110 Conn. 432, 437, 148 A. 365 (1930); 1 Restatement (Second), Judgments § 13, comment b. The reservation by the board, in its initial decision, of the determination of the amounts due under that decision operated to exempt that aspect of

this litigation from the doctrine of res judicata. This conclusion flows from the plaintiff's first claim of error.

The plaintiff's second claim of error is premature. Whether the board's decision on compliance may be set aside by the trial court will ultimately have to be determined by the court upon our remand after a hearing on the merits of the plaintiff's appeal. The court did not decide that issue.

The plaintiff's third claim of error, which seeks to challenge the propriety of the decision of Judge Bogdanski, sustaining the board's initial decision, is simply not properly before us in this appeal. The plaintiff's appeal to the trial court in this case encompassed only the board's decision on compliance. That appeal does not claim error in the initial decision, and the record supplied to the trial court and to this court relates only to the decision on compliance. There is nothing in this record to afford a basis for finding error in the initial decision of the trial court. It is the appellant's obligation to provide a proper record for its claim of error. *Thiel Realty Corporation* v. *Culligan Water Conditioning Co.,* 9 Conn. App. 191, 193, 517 A.2d 1052 (1986).

There is error, the judgment dismissing the plaintiff's appeal is set aside and the case is remanded for further proceedings according to law.