GEORGE VAKALIS *v.* EUGENE M. KAGAN ET AL.
(6490)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Submitted on briefs December 12, 1988—decision released May 16, 1989

*Joseph P. Secola* and *Lawrence S. Walters* filed a brief for the appellant (plaintiff).

*John B. Nolan, Steven M. Greenspan* and *William H. Narwold* filed a brief for the appellees (defendants).

DUPONT, C. J. The dispositive issue in this case is whether the plaintiff, after a final judgment on the merits of an action against the defendants for breach of a partnership agreement, is barred by the principles of res judicata from thereafter pursuing a second cause of action stemming from the same set of facts against the same defendants. The present cause of action is in two counts and seeks a dissolution, accounting and winding up of the partnership of which the plaintiff alleges he is a member, and the appointment of a receiver for the partnership.

The defendants moved for summary judgment on the ground of res judicata. The trial court granted the motion and the plaintiff appeals from the judgment rendered thereon. We find no error.

The record reflects the following relevant facts. In August, 1979, the plaintiff and the defendants Eugene Kagan and Jack Heflin formed a general partnership known as Country Club Associates, in which each of the partners owned an undivided one-third interest. The partnership was established for the purpose of developing a retail shopping center in Worcester, Massachusetts. In June, 1980, the defendants Kagan and Jack Heflin made demand upon the plaintiff for a capital contribution. On August 11, 1980, a partnership meeting was held at which the plaintiff refused to pay the requested capital contribution. The defendants then opted to purchase the plaintiff's interest in the partnership and on August 12, 1980, tendered to the plaintiff payment for his partnership interest, which the plaintiff refused.

On December 10, 1980, the plaintiff instituted his first action, a four count complaint against the defendants, Kagan, Jack Heflin and Allen Heflin,[1] in Mas-

---

[1] The defendant Allen Heflin was alleged in the Massachusetts action to be a silent partner in the Country Club Associates.

sachusetts Superior Court, alleging various acts of misconduct in connection with the partnership. Count one of the complaint alleged that the defendant Kagan had violated his duty as the plaintiff's attorney. Count two alleged that all of the defendants had committed certain unfair trade practices. Count three sought recovery for the plaintiff's services to the partnership based on quantum meruit. Count four alleged that the defendants had breached the partnership agreement by the allegedly illegal and fraudulent purchase of the plaintiff's partnership interest. The plaintiff sought in excess of $2,000,000 in damages.

Judgment for the defendants on counts one, two and three of the Massachusetts complaint was entered pursuant to a directed verdict. The plaintiff obtained a jury verdict against the defendants on the breach of partnership claim in count four in the amount of $362,934.30, which was satisfied.

In July, 1985, the plaintiff filed a second action, an eleven count complaint, in the United States District Court for the District of Connecticut. In that action the plaintiff alleged that he was a partner of Country Club Associates, and he set forth a number of federal and state law claims alleging that various individuals, including the defendants, had defrauded him of monies to which he was entitled as a partner. In his prayer for relief, the plaintiff requested that the court order the dissolution of the partnership and sought an accounting and the appointment of a receiver. The District Court concluded that, although some of the plaintiff's claims were denominated as federal claims, the action comprised the same essential facts and issues of the Massachusetts litigation, and was therefore barred by res judicata as to the defendants.

The plaintiff filed a third action, in Connecticut, in June, 1986. On appeal, he contends that the present

action is distinct from the Massachusetts action and that the trial court erred in granting, on the basis of res judicata principles, the defendants' motion for summary judgment.

Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"Our rules of res judicata are based on the public policy that 'a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate.' *In re Juvenile Appeal (83-DE),* 190 Conn. 310, 318, 460 A.2d 1277 (1983) . . . ." *Duhaime* v. *American Reserve Life Ins. Co.,* 200 Conn. 360, 363–64, 511 A.2d 333 (1986). " 'The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which *might have been* made.' (Emphasis added; citations omitted.) *Wade's Dairy, Inc.* v. *Fairfield,* 181 Conn. 556, 559, 436 A.2d 24 (1980)." *Lehto* v. *Sproul,* 9 Conn. App. 441, 443–44, 519 A.2d 1214 (1987).

In determining whether a particular claim is precluded by the doctrine of res judicata, our Supreme Court has adopted the transactional test of the Restatement (Second), Judgments. *Duhaime* v. *American Reserve Life Ins. Co.,* supra, 364–65. Section 24 of the Restatement provides that "the claim [that is] extin-

guished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." The transactional test measures the preclusive effect of a prior judgment, which includes any claims relating to the cause of action that were actually made or that might have been made. *Duhaime* v. *American Reserve Life Ins. Co.,* supra, 365. "In determining the nature of a cause of action for these purposes, we have long looked to the 'group of facts which is claimed to have brought about an unlawful injury to the plaintiff'; *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 197, 91 A.2d 778 (1952); and have noted that '[e]ven though a single group of facts may give rise to rights for several kinds of relief, it is still a single cause of action.' Id." *Duhaime* v. *American Reserve Life Ins. Co.,* supra.

The Massachusetts action and the present cause of action stem from a single group of facts, that is, the allegedly illegal and fraudulent purchase by the defendants of the plaintiff's partnership interest in August, 1980. The plaintiff argues that the present action for a dissolution and winding up of the partnership is distinct from the Massachusetts action in that the present action seeks to recover the plaintiff's total one-third equity interest in the partnership, while the Massachusetts litigation was solely an action for money damages for breach of the partnership agreement. We disagree.

It is apparent from the pleadings and transcripts of the Massachusetts litigation that the basis of the plaintiff's claim for breach of partnership is the same as that of the present dissolution action, that is, the allegedly wrongful ejection of the plaintiff from the Country Club Associates partnership, and that, in both the present action and the Massachusetts action, the plaintiff sought compensation for the loss of his interest in the

partnership. Thus, although the plaintiff has framed the present case as an action for the dissolution of the partnership rather than an action for breach, the plaintiff is, in effect, seeking to relitigate a single claim under a new theory in order to obtain an additional remedy. See *Duhaime* v. *American Reserve Life Ins. Co.*, supra, 366.

The fact that the plaintiff seeks relief including an accounting, a sale and distribution of assets, and the appointment of a receiver, rather than money damages, does not transform this action into one distinct from the Massachusetts action. The transactional test of the Restatement applies to extinguish a claim by a plaintiff against a defendant even though the plaintiff in the second action seeks remedies or forms of relief not demanded in the first action. *Lehto* v. *Sproul,* supra, 444–45.

We conclude that the trial court did not err in finding the plaintiff's action barred by the principles of res judicata and in granting summary judgment for the defendants.

There is no error.

In this opinion the other judges concurred.