[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (115)
Plaintiffs Anthony Bimonte, Gabriel Varca and Anthony Speranza initiated this action in April of 1987. Each plaintiff has filed three separate counts against the defendant specifying that on or about March 12, 1985 the defendant terminated their employment. Counts one, two, four, five, seven and eight are predicated upon breach of contractual relations contained in collective bargaining agreements. Counts three, six and nine allege that this breach was wilful, malicious and vindictive. The complaint further alleges that each plaintiff was a member of a unit which had negotiated an agreement with the defendant setting forth the rights, obligations, benefits and conditions of employment of the plaintiffs.
Bimonte alleges that as a result of the utilization of procedures enumerated in the aforementioned collective bargaining agreement his discharge was changed to suspension without pay and he was reinstated.
The plaintiffs Varca and Speranza assert in their counts that after their termination they grieved and ultimately agreed with the defendant on a stipulated basis for reinstatement to their jobs.
In November of 1988 the defendant moved to strike all the counts on the grounds the plaintiffs failed to allege that their unions breached their duty of fair representation of the plaintiffs. Defendant argued that after utilizing the grievance and arbitration procedure the employers only further remedy was to appeal the arbitration decision; Kolenberg v. Board of Education,206 Conn. 113 (1988). Defendant also contended that further resort to the judicial system is available to an employee who claims that his discharge violated the collective bargaining agreement is limited by the holding in Hines v. Anchor Motor Freight, Inc. 424 U.S. 554, 568-70 (1976).
The federal rule requires that in order to state a cause of CT Page 3931 action for wrongful discharge arising out the collective bargaining contract in the courts the plaintiffs must allege a breach of the duty of fair representation on the part of the union. Although federal precedent in this area is not controlling our Supreme Court has found it persuasive and adopted a similar standard for cases brought under state labor laws. School Administrators Assn. v. Dow, 200 Conn. 376, 281 (1986).
The court, Hodgson, J. denied the motion to strike finding that the motion relied on a factual contention not stated in the challenged pleading. The court stated that the allegations of the complaint do not set forth the grievance procedure nor do they reveal the scope of the issues which the parties may have agreed to submit to arbitration. The court stated that if it lacked any basis for concluding that that all of the plaintiffs claims are subject to the grievance procedure and that the grievance procedure is, by agreement, the exclusive remedy for members of the bargaining unit.
Defendant thereafter filed an answer and special defenses to this complaint. The answer denied any fault on its part and raised three special defenses to each count of Bimonte's complaint:
1. The allegations fail to state a claim upon which relief can be granted.
2. The collective bargaining agreement governing plaintiffs employment sets forth a grievance and arbitration process as the sole and exclusive remedy for disputes arising out of plaintiffs employment. The plaintiff Bimonte filed a grievance over his discharge. This grievance went to arbitration where the circumstances surrounding Plaintiff's termination were fully litigated. The arbitration panel concluded that plaintiff's job performance was lacking and that defendant had cause to suspend plaintiff for six months without pay. The plaintiff's claim is barred under the doctrine of res judicata.
3. The plaintiff is estopped from relitigating the circumstances surrounding his discharge or the appropriateness of the suspension he ultimately got.
The special defenses filed against the fourth, fifth, sixth, seventh, eighth and ninth counts, the counts involving Varca and Speranza are essentially the same as those leveled against Bimonte except for the allegation that on the Eve of an arbitration hearing concerning termination each plaintiff in consultation with his union, settled his grievance. The settlement reinstated the plaintiffs without back pay. On this basis defendant claims their actions are barred under the doctrine of accord and satisfaction. CT Page 3932
All plaintiffs denied these special defenses.
Defendant's motion for summary judgment requests the court to find as a matter of law that the plaintiffs fail to state claims upon which relief may be granted that Bimonte claims are barred by the doctrine of res judicata and that Varca and Speranza's claims are barred by the doctrine of accord and satisfaction. Defendant has submitted an affidavit and supporting documents to persuade the court that there is no issue of material fact which could be raised directly or inferentially with respect to the pleaded affirmative defenses.
Plaintiffs have submitted affidavits and a memorandum of law in opposition to plaintiff's motion. Plaintiff's affidavits fail to raise issues of material fact concerning the exclusivity of the discharge and discipline provisions and the grievance procedure outlined in the collective bargaining contracts submitted with plaintiff's memorandum Ex. 1 and Ex. 4. The arbitration award Ex. 3 indicates that both the defendant and Bimonte's union presented to the arbitrators plaintiff's theory that the original discharges were wilful, malicious and vindictive because the plaintiff Bimonte refused to become part of and to participate in, a scheme to have the employment of a fellow employee terminated. The award noted the issue to be: "was the termination of Anthony Bimonte for just cause". The arbitrators found that "the accurate recording in the plant log is of the utmost importance. The grievants slip-shod handling of the plant log provided the City with grounds for a disciplinary action. His termination therefore is to be converted to a six months suspension without pay."
Since section 4 of Article XVI of the Collective Bargaining Agreement provides that employees shall not be discharged or disciplined except for "just cause" it is clear that the arbitrators rejected Bimonte's conspiracy defense and found just cause.
Both of the other plaintiffs Gabriel Varca and Anthony Speranza have predicated their claims of wilful, malicious and vindictive acts on the part of the defendant on this same conspiracy theory which in turn is the same collection of facts pleaded in the complaint. Their stipulation for settlement of their grievance provides (ex. 5) than they be reinstated without pay on September 2, 1985. They were terminated on 3/12/85 the same date as Bimonte and received substantially the same discipline as Bimonte. Although there is no express funding by the arbitrators attached to the settlement agreement between the union and the defendant the agreement itself was executed by both Varca and Speranza as well as the defendant. CT Page 3933
Varca and Speranza have raised no issues of material fact challenging the defense of accord and satisfaction which the court finds proven on the basis of a defendants affidavit and exhibits. Similarly the plaintiff Bimonte has raised no issue of material fact challenging the defendants defense of res judicata which the court finds proven on the basis of defendants affidavit and exhibits. Corey v. Avco Lycoming Div., 163 Conn. 309 (1972); Associated Construction v. Camp Dresser McKee, Inc., 646 F. Sup. 1574
(D.C.Conn. 1986).
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in movants affidavits and documents." State v. Goggin,208 Conn. 606, 616-17. The plaintiff have not succeded in doing this.
Plaintiffs memorandum of law assert that plaintiffs have pursued their grievance procedure to a conclusion and are not attempting to relitigate the dispositions made in those claims but are seeking remedies not encompassed in those agreements. Such a claim does not avoid the preclusive affect of a prior judgment whether or it is of common law origin or arising out of arbitration. Restatement (Second) Judgments (1982) Sections 18.24.25 Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360,364, 365 (1986); Vakalis v. Kagan, 18 Conn. App. 363, 368 (1989).
Inasmuch as there is no issue of fact that the grievance procedure and arbitration provided by the collective bargaining agreement is the exclusive remedy for contractual breachs arising from said agreement and the subject of the dispute between the parties is specifically covered by the agreement, the plaintiffs are precluded from asserting the same claims in a common law action. Vaca v. Sipes, 386 U.S. 171 (1967); Hines v. Anchor Motor Freight, 424 U.S. 554, 568-70, absent an allegation that the union breached its duty of fair representation. School Administrators v. Dow, 200 Conn. 376, 381.
For these reasons defendants Motion for Summary Judgment is granted.
Donald T. Dorsey, Judge.