[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff in this action seeks to recover upon a judgment obtained in the First District Court for Nassau County in the State of New York for the sum of $4,298.49. The plaintiff seeks to strike the first, second, third, fifth, sixth, seventh, eighth, ninth and tenth special defenses. The plaintiff has submitted a memorandum of the pertinent issues. No memorandum has been submitted by the defendant.
The first special defense is that the named plaintiff, Fairfield Lease Corporation, is not mentioned in the lease attached to the complaint and does not have standing to institute litigation. As noted by the plaintiff, the first special defense does not challenge the underlying basis of the judgment. The judgment was rendered by a court of competent jurisdiction and is free of fraud and collusion. Therefore, the first special defense is not legally sufficient as a basis to challenge enforcement of the judgment. See Vakalis v. Kagan,18 Conn. App. 363, 366 (1989) (a judgment is final if it is rendered without fraud or collusion by a court of competent jurisdiction).
The second special defense is that process is invalid in that it is dated October 2, 1990, yet the deputy sheriff certifies that he served process on September 10, 1990 or 22 days before its issuance. The writ could not have been issued later than the date it was served. The October 2, 1990 date is a typographical error. As such, Section 52-123 of the General Statutes should govern. That statute provides as follows:
 No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set CT Page 1000 aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court. (1949 Rev., section 7845.)
See also Hartford National Bank and Trust Co. v. Tucker,178 Conn. 472 (1979); Schroeder v. Tomlinson, 70 Conn. 348 (1898). In view of section 52-123 and the circumstantial defect present in this case, the second special defense is stricken.
In the defendant's third special defense a claim is raised concerning the validity of the guarantee. The fifth special defense raises a claim that defendant's signature was obtained by duress. The sixth special defense concerns breach of an agreement. The seventh special defense raises a claim of failure to repair. The ninth and tenth special defenses raise claims of breach of an implied warranty of merchantability and an implied warranty of fitness.
All of these special defenses could have been raised in the original action. "As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." Packer Plastics v. Laundon, 214 52, 56 (1990). "Absent jurisdictional difficulties, the judgment of a sister state must be given the same effect here as it has in the state where it was rendered." Hendrix v. Hendrix, 160 Conn. 98, 105 (1970). Moreover, our appellate court has stated:
 "Our rules of res judicata are based on the public policy that `a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate.' In re Juvenile Appeal (83-DE), 190 Conn. 310, 318, 460 A.2d 1277 (1983) . . . ." Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 363-64, 511 A.2d 333
(1986). "`The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to CT Page 1001 any claims relating to the cause of action which were actually made or which might have been made.' (Emphasis added; citations omitted.) Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559, 436 A.2d 4 (1980)." Lehto v. Sproul, 9 Conn. App. 441, 443-44, 519 A.2d 1214 (1987).
Vakalis v. Kagan, 18 Conn. App. 363, 366 (1989).
In view of the above-stated principles of full faith and credit and res judicata, the defendant may not relitigate those defenses enumerated in the third, fifth, sixth, seventh, ninth and tenth special defenses. Accordingly, these special defenses are stricken.
The eighth special defense raises a claim of unconscionability. "When the court selected is reasonably appropriate, and where there is no indication that `the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements.'" Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 498 (1985) quoting James and Hazard, Civil Procedure (2nd Ed. 1977) section 12.21. Absent sufficient factual allegations relating to commercial setting or unequal bargaining power, a claim of unconscionability should be stricken. Fairfield Lease Corp.,4 Conn. App. at 499. Since the special defense alleging unconscionability contains no such factual allegations, it is ordered stricken.
BY THE COURT. CHARLES D. GILL, JUDGE, SUPERIOR COURT