[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S MOTION TO DISMISS (#114)
On February 15, 1991, the plaintiff Leasecomm obtained a judgment against the defendant Basem Ziyadeh in the District Court of Waltham. Massachusetts. Said judgment in the amount of $7,878.45 remains unpaid, and the plaintiff requests judgment in this amount. By way of amended counterclaim, the defendant alleges that the judgment the plaintiff seeks to enforce was based upon defendant's alleged breach of contract. The defendant now asserts that in order to induce the defendant into entering the aforementioned contract, the plaintiff's agents made false and misleading representations in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-1106.
The plaintiff first argues that the defendant's amended counterclaim should be dismissed because it fails to meet the CT Page 3073 transaction test. Connecticut Practice Book 116 provides that a counterclaim must arise out of the transaction which is the subject of the plaintiff's complaint. Conn. Practice Bk. 116; Wallingford v. Glenn Valley Associates, Inc., 190 Conn. 158, 160
(1983). The crucial issue is whether the subject matter of the counterclaim is so connected with the matter in controversy under the complaint that its consideration is necessary for a full determination of the rights of the parties. Springfield-DeWitt Gardens, Inc. v. Wood, 143 Conn. 708, 713 (1956). A prior motion to strike based upon failure to meet the transaction test was previously granted in this case when an examination of the counterclaim revealed no connection with the judgment that is the subject matter of the complaint. The amended counterclaim, however, connects the judgment referred to in the complaint with a contract that was allegedly induced through false and misleading representations. Therefore, the transaction test has been complied with, and the counterclaim should not be dismissed for this reason. Moreover, plaintiff's motion to dismiss is the improper vehicle by which to challenge the legal sufficiency of a counterclaim. Such a challenge is properly made by a motion to strike. Conn. Practice Bk. 152.
The plaintiff also moves to dismiss the defendant's counterclaim on the grounds that the judgment in the Massachusetts case is res judicata and the contract has therefore merged into the judgment entered into in Massachusetts. Res judicata, however, "is not included among the permissible grounds on which to base a motion to dismiss." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). Additionally, in determining whether res judicata is a valid defense, it must be concluded that a claim relating to the cause of action was made or might have been made. Vakalis v. Kagan, 18 Conn. App. 363, 366
(1989). Whether such a claim was made or might have been made in the Massachusetts case cannot be determined at this time.
For the reasons stated, the motion to dismiss should be denied.
DORSEY, JUDGE