[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment on the grounds CT Page 9348 that the claims asserted in the complaint should have been litigated in a prior foreclosure action between the parties and, therefore, the complaint is barred by the doctrine of res judicata.
In the foreclosure action the defendant obtained a judgment of strict foreclosure on a mortgage which secured payment of a note from the plaintiffs on which the plaintiffs had defaulted by failing to make payments required thereunder.
The complaint in this case alleges, in part, that the defendant wrongfully ceased funding the condominium project covered by the mortgage, failed to provide end loan financing, failed to extend the loan to allow sale of the mortgaged property, wrongfully attached and garnished the assets of some of the plaintiffs who had guaranteed the note, failed to mitigate its damages and failed to honor an agreement to have an expedited non-contested foreclosure action.
Res judicata is based upon the "public policy that `a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate.'" Duhaime v. American Life Ins Co., 200 Conn. 360, 363-364 511 A.2d 333 (1986) (citations omitted). A judgment on the merits is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made. Vakalis v. Kagan, 18 Conn. App. 363, 366, A.2d 577 (1989).
The defendant claims that the plaintiffs could have made the claims stated in their complaint by way of counterclaims in the foreclosure action. Practice Book 116 provides that a defendant may file a counterclaim against a plaintiff provided that "each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint."
The courts in this state have generally held that where the allegations of a counterclaim in a foreclosure action do not pertain to the making, validity or enforcement of the note and mortgage being foreclosed, they should be stricken. Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 459 A.2d 525
CT Page 9349 (1983) (counterclaim for unlawful diversion of waters onto subject property stricken); Connecticut Savings Bank v. Reilly,12 Conn. Sup. 328 (1944) (counterclaims for abuse of process due to excessive attachment stricken); Citytrust v. Kings Gale Developers, Inc., 2 Conn. L.Rptr. #639 (1990, Lewis, J.) (counterclaim that bank tortiously interfered with a contract to sell mortgaged property stricken; Ostrager v. Hasiuk, 191 Westlaw 86203 (J. D. Tolland at Rockville, Dunn, J., May 9, 1991) (counterclaims for intentional interference with performance of third party agreement stricken).
The claims asserted in the complaint do not pertain to the making, validity or enforcement of the note and mortgage from the plaintiffs to the defendant. Therefore, they would not have been proper as counterclaims to the foreclosure action.
For the foregoing reasons, the motion for summary judgment is denied.
BY THE COURT AURIGEMMA, J.