[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts are recited from the court's memorandum of decision on a prior motion for summary judgment (#108) filed in this case by the plaintiff:
 The plaintiff, John Hychko, and the defendants, Thomas and Joanne DiDomizio, (hereinafter referred to as the DiDomizio's), have a common boundary line which separates their properties. In 1982 a dispute arose between these parties over the ownership of land, resulting in the case DiDomizio v. Hychko, CV 81-0060189, JD of Waterbury. That case was settled in CT Page 11188 February 1983, when the parties entered into a Stipulated Judgment. That judgment provided that John Hychko and Howard Matzkin, the defendants in that matter convey certain property by quitclaim deed to Thomas and Joanne DiDomizio, the plaintiffs in said action (defendants in this matter). The judgment also granted Mr. Hychko and Mr. Matzkin an easement over Thomas and Joanne DiDomizios' property and stated that the DiDomizios would build a road to be dedicated as a public road which Mr. Hychko and Mr. Matzkin would have the right to use to obtain ingress and egress to and from their property. The DiDomizios were to have completed this road by December 31, 1985. The stipulated judgment provides in relevant part:
 The plaintiffs grant to the defendants, a fifty (50) foot wide easement across their property from the common property boundary between the Plaintiffs and the Defendants property line, said fifty (50) foot easement to be located approximately 185 feet, more or less, southwesterly of the northeasterly corner of the property owned by the Plaintiffs which they acquired from Massimo, which fifty (50) foot access way shall give to the Defendants a manner and method of leaving their property and arriving at a road to be constructed by the Plaintiffs at some point in the future. The length of said fifty (50) foot easement shall be determined from the manner in which the road shall appear on the final subdivision map approved by the Town of Wolcott and shall be located approximately 185 feet southwesterly of the northeast corner as previously described. The approximate location of said easement is shown by a dotted red line on the map attached hereto as Exhibit A.
This easement is also recorded on the DiDomizios' land title. In 1986 John Hychko brought an action for money damages and for specific performance against the DiDomizios for their failure to build the road. Hychkov. DiDomizio, CV 86-0075861, J.D. of Waterbury. This CT Page 11189 suit was tried before a jury who found for Mr. Hychko and awarded him $10,000.00. Mr. Hychko also sought from the trial Judge, Murray, J., an order of specific performance requiring the DiDomizios to build the road per the 1983 stipulated judgment. This request was denied. Judge Murray stated that Mr. Hychko "had an adequate remedy in the law of money damages to satisfy this claim." Memorandum of Decision, p. 4 (April, 1991).
. . . .
On June 8, 1992, the plaintiff, John Hychko, initiated the present suit alleging that the defendants, Thomas and Joanne DiDomizio, have obstructed and prevented him from using the easement granted to him under the 1983 stipulated judgment. The plaintiff asks the court for a permanent injunction prohibiting the defendants from obstructing or preventing him from using this easement; for the court to determine the rights of the parties in the land; and any other equitable relief the court sees fit. The defendants filed an answer and special defense on August 3, 1992. The plaintiff denied all of the defendants' special defenses. The plaintiff moved for summary judgment on September 3, 1992, arguing that the matter concerning the easement is res judicata.
Hychko v. DiDomizio, 7 CSCR 1352 (November 17, 1992, Sullivan, J.) (granting summary judgment), rev'd, 32 Conn. App. 912, ___ A.2d ___ (1993). Presently before the court is the defendant's motion for summary judgment, dated September 1, 1992, alleging that this suit is barred by the doctrines of res judicata and collateral estoppel.
 Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party CT Page 11190 opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994).
The issue presented by the defendants' motion for summary judgment is whether the verdict in favor of the plaintiff in the 1986 case, and the court's denial of the equitable relief requested in that action, bar the maintenance of the present suit under the doctrines of res judicata and collateral estoppel. Summary judgment is appropriate to raise the defense of res judicata or collateral estoppel. Virgo v. Lyons,209 Conn. 497, 510, 551 A.2d 1243 (1988) (collateral estoppel);Vakalis v. Kagan, 18 Conn. App. 363, 368, 557 A.2d 1285
(1985) (res judicata).
"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." (Citations omitted; internal quotations marks omitted.) Dunham v. Dunham,221 Conn. 384, 391-92, 604 A.2d 347 (1992).
 Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined . . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment CT Page 11191 could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta.
(Internal citations omitted; internal quotation marks omitted.)Carol Management Corp. v. Board of Tax Review, 228 Conn. 23,32-33, 633 A.2d 1368 (1993). The party asserting the affirmative defense of res judicata bears the burden of establishing its applicability. Commissioner of Environmental Protection v.Connecticut Building Wrecking, 227 Conn. 175, 195, 629 A.2d 1116
(1993).
The defendant argues that the verdict in favor of Mr. Hychko as plaintiff in the 1986 action precludes the bringing of the present action. As noted, the present suit concerns whether the defendants, Thomas and Joanne DiDomizio, have obstructed and prevented the plaintiff from using the easement granted to him under the 1983 stipulated judgment. The 1986 action was brought not to prevent the alleged obstruction of the easement, but to enforce the provisions of settlement agreement requiring Thomas and Joanne DiDomizio to construct a road on the easement. Also, it is unclear whether the defendants' alleged obstruction of the easement occurred prior to or following the commencement of the 1986 action. Therefore, even if the doctrine of res judicata applied to the current obstruction claim, a genuine issue of material fact exists concerning whether the claims in the current actions could have been made prior to the 1986 action. See Dunham v. Dunham, supra, 221 Conn. 391-92 (doctrine of res judicata bars a subsequent action involving any claims relating to such causes of action which were or could have been made). Accordingly, the defendants' motion for summary judgment is denied.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN